UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
)
PREMIER FIXTURES, LLC, )
) Case No. 2:16-cv-03975 (LDW)(AKT)
Plaintiff, )
)
v. )
) ORDER TO SHOW CAUSE
EVOLUTION FIXTURES, LLC, JOSE L. )
TELLEZ, J. ANTONIO TELLEZ, TKL )
ASSOCIATES, INC., PAUL )
SAUDINO and HARRY MAYORS, )
)
Defendants. )
-------------------------------------------------------------- X

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2016 ★
LONG ISLAND OFFICE

Upon the annexed the Affidavit of Nelson Goodman with attached exhibits dated July 18, 2016, the Declaration of William Moylan with attached exhibits dated July 17, 2016, the Declaration of Daniel D. Edelman, Esq. with attached exhibits dated July 18, 2016, the Complaint in this action dated and filed on July 18, 2016 and all papers and pleadings herein, submitted pursuant to Federal Rule of Civil Procedure 65 in support of Plaintiff Premier Store Fixtures, LLC's ("Premier" or the "Company") Motion for a Temporary Restraining Order and Preliminary Injunction ("Premier's Motion") along with Premier's Memorandum in Law in furtherance of Premier's Motion seeking a temporary restraining order and preliminary injunctive relief as to Defendants' Evolution Fixtures, LLC ("Evolution"), Jose L. Tellez ("Jose Tellez"), J. Antonio Tellez ("Tony Tellez"), TKL Associates, Inc. ("TKL"), Paul Saudino ("Saudino") and Harry Mayors ("Mayors") (collectively, the "Defendants"), Premier requests an Order from this Court that:

    (a) orders Defendant Jose Tellez to cease and desist from assisting, administering, operating, participating, soliciting business, soliciting prospective employees on behalf of or in or in any way having anything to do Evolution Fixtures, LLC, which does business as Evolution Store Fixtures through at least October 31, 2018 and for a reasonable period thereafter;

    (b) requires Defendant Jose Tellez to account for and return all proceeds, compensation, profits, monies, accruals, increments or other benefits received by

Defendant Jose Tellez pursuant to the APA and the Consulting Agreement, including the Restrictive Covenant Agreement, as a result of his material breaches of those agreements;

(c) restrains all Defendants and anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, from acquiring, using and/or disclosing Premier's trade secrets and/or other internal Premier documents, data and/or information;

(d) requires any and/or all Defendants and/or anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, to account for and return to Premier any and all Premier trade secrets and other Premier documents and/or data in their possession, custody or control, including any and all copies thereof;

(e) requires any and/or all Defendants and/or anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, to refrain from unauthorized access and/or access in excess of authorization to any part of Premier's computer system;

(f) requires Defendant Jose Tellez to abide fully by the confidentiality, non-compete and non-solicitation provisions in the APA and the Consulting Agreement including the attached Restrictive Covenant Agreement;

(g) requires Defendants Tony Tellez and TKL to abide by the confidentiality provisions in Tony's Separation Agreement; and

(h) Orders the following expedited discovery:

   a. Within ten days from the entry of this order, Defendants must produce:

      i. All documents relating to communications between and/or among any or all of Defendants Jose Tellez, Tony Tellez, TKL, Paul Saudino and/or Hank Mayors and anyone affiliated with Evolution about Evolution;

      ii. All documents relating to communications between and/or among any or all of the Defendants and/or anyone affiliated with Evolution any of Premier's customer, prospective customers, vendor, contractors, supplier, employees or consultants about Evolution; and

      iii. All documents in Defendants possession, custody or control pertaining to Premier and/or its business, including, but not limited to, Premier's trade secrets , confidential and proprietary information and/or internal documentation whether in original, copied, computerized, handwritten or any other form.

  b. Within five days after that production, Premier may take a three-hour deposition of Defendants Jose Tellez, a three-hour deposition of Tony Tellez, a two-hour deposition of Defendant Paul Saudino and a two-hour deposition of Defendant Hank Mayors.

  c. Third-party discovery under F.R.C.P. 45 of Stafford Associates and S.Mark Graphics relating to Evolution's website.

**NOW,** upon Premier's Motion, sufficient cause having been shown, it is hereby:

**ORDERED** that Defendants or their attorneys appear before this Court on the __1st__ day of __AUGUST__, 2016 at __11:00__ a.m.~~/p.m.~~ to show cause why a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not issue enjoining Defendants as outlined above. And it is further

**ORDERED** that sufficient reason having been shown, pending the hearing of Premier's motion for a preliminary injunction, Premier's Motion for Temporary Restraining Order is **GRANTED** and it is further **ORDERED** that:

(a) Defendant Jose Tellez cease and desist from assisting, administering, operating, participating, soliciting business, soliciting prospective employees on behalf of or in or in any way having anything to do Evolution Fixtures, LLC, which does business as Evolution Store Fixtures;

(b) ~~Defendant Jose Tellez account for and return all proceeds, compensation, profits, monies, accruals, increments or other benefits received by Defendant Jose Tellez pursuant to the APA and the Consulting Agreement, including the Restrictive Covenant Agreement, as a result of his material breaches of those agreements;~~ /OW/

(c) all Defendants and anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, are hereby restrained from acquiring, using and/or disclosing Premier's trade secrets and/or other internal Premier documents, data and/or information;

(d) any and/or all Defendants and/or anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, account for and return to Premier any and all Premier trade secrets and other Premier documents and/or data in their possession, custody or control, including any and all copies thereof;

(e) any and/or all Defendants and/or anyone associated with Evolution Fixtures, LLC, which does business as Evolution Store Fixtures, refrain from unauthorized access and/or access in excess of authorization to any part of Premier's computer system;

(f) Defendant Jose Tellez abide fully by the confidentiality, non-compete and non-solicitation provisions in the APA and the Consulting Agreement including the attached Restrictive Covenant Agreement; and

(g) Defendants Tony Tellez and TKL abide by the confidentiality provisions in Tony's Separation Agreement; and it is further

**ORDERED** that Premier is granted leave to commence the following discovery immediately:

(a) Within ten days from the entry of this order, Defendants must produce:

~~a. All documents relating to communications between and/or among any or all of Defendants Jose Tellez, Tony Tellez, TKL, Paul Saudino and/or Hank Mayors and anyone affiliated with Evolution about Evolution;~~ /s/ L.W.

b. All documents relating to communications between and/or among any or all of the Defendants and/or anyone affiliated with Evolution [regarding] any of Premier's customer, prospective customers, vendor, contractors, supplier, employees or consultants ~~about Evolution~~; and

c. All documents in Defendants possession, custody or control pertaining to Premier and/or its business, including, but not limited to, Premier's trade secrets, confidential and proprietary information and/or internal documentation whether in original, copied, computerized, handwritten or any other form; and

d. Third-party discovery under F.R.C.P. 45 of Stafford Associates and S.Mark Graphics concerning communications with Defendants regarding Evolution's website.

(b) Within five days after that production, Premier may take a three-hour deposition of Defendants Jose Tellez, a three-hour deposition of Tony Tellez, a two-hour deposition of Defendant Paul Saudino and a two-hour deposition of Defendant Hank Mayors; and it is further

**ORDERED** that ~~no bond~~ [a bond in the amount of $50,000] is required as to the issuance of this Temporary Restraining Order; and it is further /s/ L.W.

**ORDERED** that Premier shall be permitted to supplement the set of its moving papers with the original signatures for the Affidavit of Nelson Goodman and the Declaration of William Moylan on or before July 22, 2016 by overnight delivery to the Clerk's Office; and it is further

4

**ORDERED** that service of a copy of this Order to Show Cause together with the papers upon which it was granted, by overnight mail [for delivery] on or before July 22, 2016 shall be deemed good and sufficient service thereof, and it is further, ~~ordered~~ ORDERED that unredacted versions of redacted documents submitted with this motion shall be forwarded to the Court for filing under seal.  *L.D.W*

**SO ORDERED** ON THIS ___19th___ of ___July___, 2016, @ 11:35 AM.

---

LEONARD D. WEXLER
U.S. DISTRICT COURT JUDGE

Central Islip, NY

5